IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFREY WILLIAMS,
     Plaintiff,

vs.                          Case No. 3:13cv98/MCR/CJK

STATE OF FLORIDA,
     Defendant.

_____

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 (doc. 4), and a motion to proceed *in forma pauperis* (doc. 5). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. Upon review of plaintiff's amended complaint, the Court concludes that this case should be dismissed, because plaintiff's damages claims are barred by statute and by sovereign immunity.

BACKGROUND AND PROCEDURAL HISTORY

This cause of action arises out of plaintiff's extradition from Florida to Virginia. Plaintiff challenges the validity of the procedures used to extradite him, claiming that Florida unnecessarily delayed his extradition. (Doc. 4, pp. 5-6). At the time plaintiff signed and filed his original pleading, he had already been extradited to Virginia and was confined at the Southside Regional Jail in Emporia, Virginia.

(Doc. 1, pp. 2,3).  Plaintiff has since been tried on the Virginia charge (violation of probation), found guilty on April 4, 2013, and sentenced to one year and four months imprisonment.  (Doc. 4, p. 6).  Plaintiff remains confined at the Southside Regional Jail.  (Doc. 4, pp. 2, 8).  Plaintiff's amended complaint names one defendant:  the State of Florida.  (Doc. 4, p. 1).  When asked on the complaint form to state what rights under the Constitution. laws, or treaties of the United States he claims have been violated, plaintiff identifies the following:  "(1) My Freedom right (2) statue [sic] of limitation (3) Liberty Rights (4) The abuse of Power and authority".  (*Id*., p. 7).  As relief, plaintiff seeks $1 million in damages.  (*Id*.).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the Court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language

previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Taking the allegations of plaintiff's amended complaint as true and construing them in the light most favorable to plaintiff, plaintiff fails to state a plausible claim for the damages he seeks. As plaintiff was advised in this Court's previous amend order (doc. 3), the Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983 is a "Federal civil action" under this definition. It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the alleged harm occurred while plaintiff was in custody. Plaintiff's damages claim is based on the mental and emotional injury plaintiff suffered as a result of the delay in his extradition, and/or the fact of the alleged constitutional violation itself (divorced from any mental or emotional injury the violation caused). Plaintiff identifies no physical injury arising from the delay in his extradition.

Plaintiff is therefore prohibited under the PLRA from bringing his compensatory and/or punitive damages claim. *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury). Plaintiff's failure to either allege the requisite physical injury or modify his demand for relief, even after being given an opportunity to amend his complaint to address that issue, justifies dismissal of this action.

Even if not barred by statute, this damages suit is due to be dismissed under the doctrine of sovereign immunity. Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765-66, 122 S. Ct. 1864, 152 L. Ed. 2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Gamble v. Fla. Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 5) is GRANTED.

And it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), for plaintiff's failure to state a claim upon which relief may be granted and because plaintiff seeks monetary relief against a defendant who is immune from such relief.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 16th day of April, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).